COMMONWEALTH vs. JAMES GODLEY.
SAME vs. JEREMIAH MURPHY.

An indictment on *St.* 1855, c. 405, for keeping "a certain tenement," used for the illegal sale and illegal keeping of intoxicating liquors, is sustained by proof of keeping a whole building, using part only illegally; or of keeping a building consisting of one room only and which might properly be called a shop.

INDICTMENTS on *St.* 1855, c. 405, each averring that the defendant did "keep and maintain a certain tenement" used for the illegal sale and illegal keeping of intoxicating liquors; and that "by force of the statute in such case made and provided, the said tenement was a common nuisance." Trials and convictions in the court of common pleas in Bristol, to whose rulings exceptions were alleged.

In *Godley's case,* it appeared in evidence that the building was of two stories, the lower of which the defendant occupied for a saloon and bar-room, and the upper as a home for his family and boarders, and that the bar-room only was used for the illegal sale and illegal keeping of intoxicating liquors; and he requested the court to rule that, as the defendant kept and maintained the whole building, the government had failed to show that he kept and maintained "a tenement" within the meaning of the statute. But *Sanger,* J. instructed the jury that if they were satisfied that the defendant kept and maintained the whole building, a part of which was used for the illegal sale and illegal keeping of intoxicating liquors, the allegation of the indictment would be established.

In *Murphy's case,* the evidence tended to prove that the place kept by the defendant was a small building, having but one room in it, and formerly used as a shoemaker's shop, and that there was a bar therein. *Perkins,* J. instructed the jury that if they found the building described to have been affixed to the soil, they would be justified in finding the room described "a tenement," although it was the only room in the building, and might fairly be called a shop.

*J. Brown,* for Godley.

*J. C. Blaisdell,* for Murphy.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

BIGELOW, J. The court has heretofore held that an indict-ment charging a party with keeping and maintaining a building used for the illegal sale of intoxicating liquors, and so constitut-ing a nuisance under *St.* 1855, *c.* 405, is not supported by proof that the defendant kept and occupied only a part of the building or a tenement in it, the residue being occupied by other persons. *Commonwealth* v. *Mc Caughey,* 9 Gray, 296. This decision went on the ground that as the less cannot be held to include the greater, the substantive fact charged was not proved, and that there was a variance between the allegation and the proof. The defendant, being charged with keeping and maintaining a build-ing, was not shown to be guilty of that offence by proof that he only occupied a part of such building. A tenement is not neces-sarily an entire building. It often is only a part.

But the cases at bar are different. The proof in each case shows that the defendant occupied the entire premises. He there-fore occupied the part used for the illegal purpose, and there is no variance. The averment is not vitiated by alleging that the party occupied more than he actually used for the unlawful pur-pose, though it would be otherwise if it averred keeping the whole and the proof was of keeping a part only. Every tenement is either a building or a part of a building, and by alleging the use and occupation of a tenement by the defendant, it is open to proof that the occupation was either of the whole or a part.

Besides ; as a building may be a tenement, that is, may consti-tute a distinct and substantive estate occupied by a party, when the evidence shows that the whole is occupied by the defendant, it constitutes a tenement and is not misdescribed.

*Exceptions overruled.*